IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RONALD DAVID JONES,

    Plaintiff,

v.       CASE NO. 4:16cv109-RH/CAS

GRAND CANYON UNIVERSITY,

    Defendant.

_____/

ORDER DISMISSING THE COMPLAINT
AND GRANTING LEAVE TO AMEND

The plaintiff asserts he suffered discrimination as a student at the defendant university. The case is before the court on the magistrate judge's report and recommendation, ECF No. 5, and the objections, ECF No. 6. I have reviewed *de novo* the issues raised by the objections.

The recommendation is for *sua sponte* transfer to the District of Arizona on the ground that venue in the Northern District of Florida is improper. But the record does not show whether venue is proper. This order dismisses the complaint but gives the plaintiff an opportunity to amend.

Venue is proper if the defendant "resides" in this district, 28 U.S.C. § 1391(b)(1), or "a substantial part of the events or omissions giving rise to the claim occurred" in this district, *id.* § 1391(b)(2). The complaint does not adequately allege venue, but venue may be proper in this district on either ground.

First, the defendant "resides" in "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *Id.* § 1391(c)(2). The complaint does not adequately allege a basis for personal jurisdiction over the defendant, but a basis may well exist. *See* Fla. Stat. § 48.193.

Second, the complaint alleges, among other things, that the defendant refused to give the plaintiff proper credit for an internship and solicited the plaintiff for additional, unnecessary enrollment. The complaint does not allege where the plaintiff interned or where he was when solicited. But these things may have occurred in this district.

Under these circumstances, the better course is to dismiss the complaint and give the plaintiff leave to amend to allege a basis for venue and personal jurisdiction over the defendant. In the ordinary course, the defendant will have an opportunity to contest the allegations.

For these reasons,

IT IS ORDERED:

The report and recommendation is accepted in part.  The complaint is dismissed.  The plaintiff may file an amended complaint by May 18, 2016.

SO ORDERED on April 27, 2016.

> s/Robert L. Hinkle
> United States District Judge